# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| MARTIN AKEEM DANIEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:07-CV-1 CAS |
| UNKNOWN CALLET, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to supplement his amended complaint [Doc. 9]. Upon review, plaintiff's motion to supplement his amended complaint will be granted. This matter is also before the Court to review plaintiff's amended complaint [Doc. 6], as supplemented, pursuant to 28 U.S.C. § 1915(e)(2).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Dr. Callet, Mrs. Jaynes, Marsha Atters, Ms. Rebecca, Ms. Lizenbee, Debbie Dale, Ms. French, Ms. Blankenship, Ms. Cathy, and Debbie Vinson.[1] Briefly, plaintiff alleges that he was denied adequate medical care for his wisdom teeth.

**Discussion**

Plaintiff's claims that defendants Callet, Jaynes, Atters, Rebecca, Lizenbee, Dale, French, Blankinship, and Vinson denied him adequate medical care for his wisdom teeth in violation of the eighth amendment survive review under § 1915(e)(2)(B) and should not be dismissed at this time. See 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(g)(2). Therefore, the Court will order that defendants Callet, Jaynes, Atters, Rebecca, Lizenbee, Dale, French, Blankinship, and Vinson reply to these claims.

Plaintiff's claims against defendants Correctional Medical Services (CMS) and Cathy (last name unknown), however, should be dismissed pursuant to § 1915(e)(2)(B). Plaintiff's only allegation against defendant Cathy, Dr. Callet's assistant, is that Cathy did not say anything about Dr.

---

[1] In his original complaint, it appeared that plaintiff may have been attempting to assert claims against Correctional Medical Services (CMS). From the amended complaint, as supplemented, it appears that plaintiff is not seeking relief against CMS. Therefore, plaintiff's claims against this defendant will be dismissed.

2

Callet not referring plaintiff to an oral surgeon. This allegation does not rise to the level of a violation of plaintiff's constitutional rights. As noted above, plaintiff's amended complaint does not seek relief against defendant CMS, and therefore does not allege that it was directly responsible for the alleged actions that injured plaintiff. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Glick v. Sargent, 696 F.2d 413, 414-15 (8th Cir. 1983) (respondeat superior theory inapplicable in § 1983 suits). Therefore, plaintiff's claims against these defendants should be dismissed.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to supplement his amended complaint is **GRANTED**. [Doc. 9]

**IT IS FURTHER ORDERED** the Clerk shall not issue process or cause process to issue upon the amended complaint as to defendants Correctional Medical Services and Cathy Unknown because the claims against these defendants are legally frivolous or fail to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the amended complaint, as supplemented, as to defendants Callet, Jaynes, Atters, Rebecca, Lizenbee, Dale, French, Blankinship, and Vinson.

**IT IS FURTHER ORDERED** that pursuant to 42 U.S.C. § 1997e(g)(2), defendants Callet, Jaynes, Atters, Rebecca, Lizenbee, Dale, French, Blankinship, and Vinson shall reply to the amended

complaint, as supplemented, within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that, pursuant to this Court's differentiated case management system, this case is assigned to Track 5B (standard prisoner actions).

An appropriate order of partial dismissal shall accompany this memorandum and order.

                                                  /s/ Charles A. Shaw
                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this __30th__ day of May, 2007.