UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MARTIN AKEEM DANIEL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 1:07-CV-1 CAS |
| UNKNOWN CALLET, et al., | ) ) | |
| Defendants. | ) ) | |

## ORDER

This matter is before the Court on review of the file. Plaintiff Martin Akeem Daniel has filed a document which is both a motion to compel and an "answer" to defendants' answer to his amended complaint. [Docs. 18 and 19].[1] The Court will address each aspect of this document separately. Plaintiff has also filed a motion for appointment of counsel.

**Reply to Answer**.

On July 6, 2007, defendants Atters, Byassee (sued as Rebecca Unknown), Lizenbee, Dale, French and Vinson filed an answer to plaintiff's Amended Complaint, as supplemented. See Doc. 16. The document plaintiff has filed as an "answer" to the defendants' answer is properly characterized as a reply to the defendants' answer. Rule 7 of the Federal Rules of Civil Procedure specifies the pleadings which are permitted to be filed in a federal civil case. The Rule states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is filed. **No other pleading shall be allowed, except that the court may order a reply to an**

---

[1]The Clerk of the Court has docketed this document twice, once as a motion to compel [Doc. 18] and once as a reply to defendants' answer [Doc. 19].

**answer or a third-party answer**.

Rule 7(a), Fed. R. Civ. P. (emphasis added).

"No reply should be made to an answer . . . that does not itself contain a counterclaim denominated as such, unless a reply is ordered by the court. . . . A clear showing of necessity or of extraordinary circumstances of a compelling nature will usually be required before the court will order a reply." 2 James Wm. Moore, et al., Moore's Federal Practice § 7.02[7][b] (3d ed. 2007).

In this case, the defendants' answer did not contain a counterclaim and the Court did not order plaintiff to file a reply to the answer. The reply filed by plaintiff does not indicate a clear showing of necessity or of extraordinary circumstances of a compelling nature. Plaintiff's reply is therefore not properly filed under Rule 7(a), Fed. R. Civ. P., and will be stricken from the record.

**Motion to Compel**.

Plaintiff also filed a motion to compel which states in its entirety, "Motion to compel for last known addresses and full names of defendants and witnesses, copy of medical records and x-rays, copies of all IRR's and grievances in exhausting of administrative remedies." See Doc. 18.

Rule 3.04(A) of the Local Rules of the United States District Court for the Eastern District of Missouri governs motions to compel discovery and provides:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D.Mo. L.R. 3.04(A). The Court's Local Rules, as well as the Federal Rules of Civil Procedure, apply to pro se parties as well as to parties represented by counsel. See American Inmate Paralegal

Ass'n v. Cline, 859 F.2d 59, 61 (8th Cir. 1988) (pro se litigants are not excused from complying with court orders or substantive and procedural law). Plaintiff's motion to compel does not indicate that he has directed any discovery requests to the defendants, and is devoid of any allegations concerning attempts to resolve differences concerning any such requests. Plaintiff's motion to compel will be denied without prejudice for failure to comply with Local Rule 3.04(A). Plaintiff may present his requests to the defendants in an appropriate discovery motion.

**Motion for Appointment of Counsel**.

Plaintiff moves for the appointment of counsel. As a threshold matter, the Court notes that the motion for appointment of counsel does not contain a certificate of service which indicates that plaintiff has sent a copy of the motion to the defendants. Federal Rule of Civil Procedure 5(d) requires that all papers filed in a case include a certificate of service, to reflect that a copy was sent to opposing counsel as required by Rule 5(a), Fed. R. Civ. P. In the future, all documents filed by plaintiff must include a certificate of service, or they will be returned to plaintiff without filing.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e) ("when an indigent prisoner has pleaded a nonfrivolous cause of action, a court may appoint counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780

(8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

It is appropriate for a court to deny a motion for appointment of counsel without prejudice because it believes the record is insufficient to determine, one way or the other, whether it would be appropriate to appoint counsel when the above factors are considered. See Phillips, id. In this case, not all defendants have been served and discovery has not begun, so there is no conflicting testimony. There is no indication in the record that plaintiff is unable to investigate or present his case, and he has successfully amended his complaint to include essential information.

The Court finds that appointment of counsel is not mandated at this time. The action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff appears able to clearly present and investigate his claim. The Court will therefore deny plaintiff's motion for appointment of counsel without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's reply to the defendants' answer is **STRICKEN** from the record of this case. [Doc. 19]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall delete Document 19, plaintiff's reply to the defendants' answer, from the record of this matter.

**IT IS FURTHER ORDERED** that plaintiff's motion to compel is **DENIED without prejudice**. [Doc. 18]

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED without prejudice**. [Doc. 20]

**IT IS FURTHER ORDERED** that in the future, all documents filed by plaintiff in this action shall include a certificate of service which states that plaintiff has sent a copy of the document to opposing counsel. Any document which does not contain an appropriate certificate of service will be returned to plaintiff without filing.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  23rd  day of July, 2007.