# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

MARTIN AKEEM DANIEL,                    )
                                        )
            Plaintiff,                  )
                                        )
    v.                                  )        No. 1:07-CV-1 CAS
                                        )
E. RALPH COLLETT, et al.,               )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motions for appointment of counsel and motion for extension of time to make discovery disclosures. For the following reasons, plaintiff's motions for appointment of counsel and for extension of time will be granted. In addition, on the Court's on motion, the caption and docket of this case will be amended to reflect the correct name of defendant Collett, who was sued as "Callet".

**Appointment of Counsel**.

The appointment of counsel for an indigent pro se plaintiff lies within the discretion of the Court, as there is no constitutional or statutory right to appointed counsel in civil cases. Phillips v. Jasper County Jail, 437 F.3d 791, 794 (8th Cir. 2006) (citation omitted); see 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel.")

Once the plaintiff alleges a prima facie claim, the Court must determine the plaintiff's need for counsel to litigate his claim effectively. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780

(8th Cir. 1995), abrogated on other grounds, Doe v. Cassel, 403 F.3d 986, 989 (8th Cir. 2005). (citations omitted). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." Phillips, 437 F.3d at 794 (citing Edgington, 52 F.3d at 780).

The Court concludes that plaintiff and the Court would benefit from the assistance of counsel. The legal issues presented in § 1983 cases can be complex, and plaintiff's claim concerns medical issues which may be factually complex as well. Because plaintiff is incarcerated, he may have difficulty adequately investigating the factual basis of his claim. Morever, plaintiff does not appear able to clearly present his claim in an efficient manner based on the Court's review of plaintiff's pleadings and other filings. Because counsel will be appointed, the Court will grant plaintiff's motion for extension of time to make discovery disclosures, vacate the Case Management Order, and issue an amended case management order after counsel is in the case.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for appointment of counsel is **GRANTED**. [Doc. 48]

**IT IS FURTHER ORDERED** that Mr. James F. Waltz, of Oliver, Oliver & Waltz, P.C., 1838 Broadway, P. O. Box 559, Cape Girardeau, Missouri 63702-0559, telephone number (573) 335-8278, is hereby appointed as counsel for the plaintiff. Counsel shall have thirty (30) days from the date of receipt of the Court file in which to file an amended complaint if deemed appropriate.

**Appointed counsel is advised that all applications for disbursement of funds from the Eastern District's Attorney Admission Fee Non-Appropriated Fund are governed by Local Rules 12.03 and 12.06, the Administrative Order concerning the Attorney Admission Fee Non-**

**Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e). Form requests for compensation of services and reimbursement of expenses may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide appointed counsel with a copy of the complete Court file.

**IT IS FURTHER ORDERED** that plaintiff's motion for extension of time to make discovery disclosures is **GRANTED**.  [Doc. 47]

**IT IS FURTHER ORDERED** that the Case Management Order of December 12, 2007 is **vacated** [Doc. 46].  The Court will issue an amended case management order after an amended complaint is filed or the time to do so has passed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall amend the caption and docket of this matter, including the short caption, to read as follows: "Martin Akeem Daniel, Plaintiff v. E. Ralph Collett, et al., Defendants."  The parties shall use the amended caption on all future filings.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of January, 2008.