UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

MARTIN AKEEM DANIEL,            )
                                )
        Plaintiff,               )
                                )
v.                              )       No. 1:07-CV-1 CAS
                                )
E. RALPH COLLETT, et al.,        )
                                )
        Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for preliminary injunction. Defendants have responded to plaintiff's motion, and the matter is fully briefed.

In his pro se complaint, plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, asserting that he was denied adequate dental care while at the Southeast Correctional Center. In his motion for preliminary injunction, plaintiff submits a laundry list of requests: (1) financial assistance to cover the cost of postage and legal materials; (2) use of the telephone to contact his family; (3) an order directing defendants not to transfer him to a different facility before the conclusion of this action; (4) an order requiring defendants to send out plaintiff's "legal mail" to law firms and other legal organizations; and (5) an order directing defendants not to "retaliate" against him for the filing of this lawsuit.[1]

---

[1] To the extent plaintiff is also requesting an order mandating defendants to save copies of his grievances and medical records relating to the claims in this lawsuit, his claim for relief is moot given defendants' affirmative agreement to do so in their response brief.

**Legal Standard**.

In determining whether to issue a temporary restraining order, the Court must consider the following four factors: (1) The threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that the movant will succeed on the merits; and (4) the public interest. Dataphase Systems, Inc. v. C L Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981). The burden of proving these prerequisites is entirely on the party seeking injunctive relief. Modern Computer Sys., Inc. v. Modern Banking Sys., Inc., 871 F.2d 734, 737 (8th Cir. 1989).

A court issues a preliminary injunction in a lawsuit to preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits. Dataphase, 640 F.2d at 113 & n. 5. Thus, a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. See Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994); Penn v. San Juan Hosp., Inc., 528 F.2d 1181, 1185 (10th Cir. 1975). "The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat; it may not be used simply to eliminate a possibility of a remote future injury, or a future invasion of rights." Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1981) (quoting Holiday Inns of America, Inc. v. B & B Corp., 409 F.2d 614, 618 (3d Cir. 1969)). Thus, the inquiry is "whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined." Dataphase, 640 F.2d at 113.

Prior to discussing the merits of plaintiff's motion, the Court is mindful of the Eighth Circuit's admonition that "in the prison context, a request for injunctive relief must always be viewed with

great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995) (quoting Rogers, 676 F.2d at 1214).

**Discussion**.

Plaintiff's motion for injunctive relief should be denied for several reasons. First, as stated above, a party moving for a temporary restraining order must establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint. Devose, 42 F.3d at 471. The issues raised in plaintiff's motion for preliminary injunction have nothing to do with plaintiff's constitutional claims based on the denial of dental care, or with preserving the Court's decision-making power over the merits of plaintiff's 42 U.S.C. §1983 lawsuit. To the contrary, plaintiff's motion is based on new assertions of alleged mistreatment and/or anticipated mistreatment that are entirely different from the denial of care claims raised in his complaint. These new assertions cannot provide the basis for a preliminary injunction in this lawsuit. Thus, the necessary relationship between the injury claimed in plaintiff's motion and the conduct asserted in the complaint is lacking, and plaintiff cannot assert his claim for injunctive relief in this action.

Second, the Court cannot entertain plaintiff's request for a mandatory injunction directing defendants not to transfer him to a different facility before the conclusion of this action.[2] Plaintiff does not allege that the medical personnel named as defendants in this action have any control over plaintiff's conditions of confinement, in particular his placement in a particular institution. Further, a "prisoner enjoys no constitutional right to remain at a particular institution." Goff v. Burton, 7 F.3d 736,737 (8th Cir. 1993). Prison officials may transfer a prisoner for whatever reason or no reason

---

[2]Plaintiff was, in fact, already transferred from the Southeast Correctional Center to the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri.

at all. Id. Although a plaintiff cannot be transferred in retaliation for the exercise of constitutional rights, see Goff, 7 F.3d at 736-737, plaintiff has not alleged any basis for his speculative belief that the named defendants have either the ability, or the retaliatory motive, to effectuate such a transfer.

Finally, a prisoner's claim for equitable relief against prison conditions is rendered moot by the inmate's transfer to another institution. See Smith v. Hundley, 190 F.3d 852, 855 (8th Cir. 1999) (holding that inmate's First Amendment claim that prison officials denied him items for the practice of his religion was mooted when the inmate was transferred); Pool v. Missouri Dep't of Corrections and Human Resources, 883 F.2d 640, 644 (8th Cir. 1989); Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (holding inmate's claim for injunctive and declaratory relief to improve prison conditions were mooted by inmate's transfer to another institution). Thus, because plaintiff's motion for injunctive relief was based on conditions at the Southeast Correctional Center, where he is no longer confined, the motion should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunction is **DENIED** as moot. [Doc. 26]

                                        **CHARLES A. SHAW**
                                        **UNITED STATES DISTRICT JUDGE**

Dated this  14th  day of January, 2008.