**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

MARTIN AKEEM DANIEL, )
)
       Plaintiff, )
)
v. ) No. 1:07-CV-1 CAS
)
E. RALPH COLLETT, et al., )
)
       Defendants. )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for substitution of a defendant ad litem for deceased defendant E. Ralph Collett. The defendants have filed no response, and the time to do so has expired. Plaintiff's motion is therefore ready for resolution.

On March 7, 2008, counsel for defendant E. Ralph Collett filed a suggestion of death as to Mr. Collett. On March 13, 2008, plaintiff filed the instant motion asking the Court to appoint a defendant ad litem and to substitute him or her as a party for defendant Collett. Plaintiff does not suggest the name of an appropriate defendant ad litem, and states on "information and belief" that decedent Collett was insured against liability. Plaintiff asserts that his motion is supported by the following provision of state law:

> The existence of a cause of action for an injury to property, for a personal injury not resulting in death, or for wrongful death, which action survives the death of the wrongdoer or the person injured, or both, shall authorize and require the appointment by a probate division of the circuit court of:
>
> A personal representative of the estate of a wrongdoer upon the death of such wrongdoer; provided that, <u>if a deceased wrongdoer was insured against liability for damages for wrongdoing and damages may be recovered from the wrongdoer's liability insurer, then the court in which any such cause of action is brought shall</u>

<u>appoint at the request of the plaintiff or other interested party a qualified person to be known as a defendant ad litem</u>.

Mo. Rev. Stat. § 537.021.1, (2) (emphasis added).

Under Missouri law, proof of the existence of insurance is necessary before a defendant ad litem may be appointed:

> [P]roof of the existence of liability insurance coverage which insured the deceased tortfeasor is essential to the maintenance of an action against a defendant ad litem appointed pursuant to section 537.021.1, RSMo 1986, and . . . the absence of such proof renders the appointment of a defendant ad litem erroneous.

<u>Spicer ex rel. Spicer v. Jackson ex rel. Berra</u>, 853 S.W.2d 402, 403 (Mo. Ct. App. 1993) (citing <u>State ex rel. Kasmann v. Hamilton</u>, 731 S.W.2d 345, 347 (Mo. Ct. App. 1987) (holding that failure of the injured party to provide adequate proof of liability coverage of decedents during pertinent period made appointment of defendant ad litem improper)).

Plaintiff has offered no evidence demonstrating that defendant Collett was "insured against liability for damages for wrongdoing and [that] damages may be recovered from the wrongdoer's liability insurer." Mo. Rev. Stat. § 537.021.1(2). Accordingly, the Court will order plaintiff to file proof showing that defendant Collett was insured against liability for damages for wrongdoing, and that damages may be recovered from the liability insurer. Plaintiff will also be ordered to provide the name of a proposed defendant ad litem and to describe this individual's qualifications and willingness to act as such.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file with the Court, on or before **April 28, 2008**, proof showing that defendant E. Ralph Collett was insured against liability for damages for wrongdoing and that damages may be recovered from the liability insurer.

2

**IT IS FURTHER ORDERED** that plaintiff shall, in his response to this Memorandum and Order, also provide the name of a proposed defendant ad litem and describe this individual's qualifications and willingness to act as such.

                                                           **CHARLES A. SHAW**
                                                           **UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of March, 2008.