UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| MARTIN AKEEM DANIEL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:07-CV-1 CAS |
| BRUCE FARMER, et al., | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's Motion to Join an Additional Party and for Leave to File a Fifth Amended Complaint. Defendants Farmer, Jaynes, Aters, Byassee, Lizenbee, Dale, French, Blankenship, Vinson, Kasting, Jackson, Correctional Medical Services, Inc. ("CMS") and Jackson Institutional Dental Services, Inc. ("Jackson Dental") oppose the motion. For the following reasons, the Court will grant plaintiff's motion.

**Background**.

This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff seeks damages against fourteen defendants for alleged civil rights violations concerning the denial of medical and dental care for his impacted wisdom teeth. Plaintiff filed this action pro se in January 2007, and the Court appointed counsel for plaintiff in January 2008. After filing a second and third amended complaint on plaintiff's behalf, appointed counsel was allowed to withdraw from this action because of a conflict of interest, and the Court appointed plaintiff's current counsel in April 2008. Current counsel sought and was granted leave to file a fourth amended complaint in June 2008, which added defendants CMS and Jackson Dental.

Plaintiff now seeks leave to amend his complaint for a fifth time to add Nurse Jimmie Bell as defendant. Plaintiff asserts that Nurse Bell participated in his care and treatment and deprived him of his right to medical treatment. Plaintiff states that discovery is scheduled to be completed in this case by December 31, 2008, and he does not anticipate seeking an extension of that deadline. Plaintiff cites Rule 15(a), Federal Rules of Civil Procedure, for the proposition that leave to amend should be freely granted when justice so requires.

In opposition, the defendants state that plaintiff has amended his complaint four times and the Case Management Order of December 6, 2007 provides that motions to join parties were due by February 6, 2008. Defendants object that plaintiff has not provided a reasonable explanation or excuse as to why he only now asserts claims against defendant Bell relating to dental care that Bell allegedly provided in March 2006. The defendants also state on information and belief that Bell is no longer employed by CMS or the Missouri Department of Corrections and, as a result, if the amendment were allowed, plaintiff would be required to serve Bell with process.

Plaintiff replies that the proposed amendment is necessary to achieve judicial economy, as he will otherwise be required to pursue a separate, parallel action against Bell based on the same underlying facts and involving the same parties. Plaintiff states that because the parties have already exchanged written discovery and documents, he does not anticipate directing any written discovery to Bell and, assuming that Bell can be timely served, he would seek to depose her prior to the dispositive motion deadline. Plaintiff acknowledges that under Rule 16(b), Fed. R. Civ P., a court may grant leave to amend a complaint even after the deadline to amend the pleadings only upon a showing of good cause. Plaintiff notes that the primary factor in determining good cause is the movant's diligence in attempting to meet the requirements of the scheduling order, Bradford v.

2

DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001), and states that changes in counsel as in this case contribute to a showing of good cause, particularly where plaintiff is indigent and incarcerated, and thus is highly reliant on his appointed counsel.

**Discussion**.

"Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions 'when justice so requires.' Rule 16(b), however, provides that scheduling orders limit the time for amending pleadings and that a schedule established by such an order 'shall not be modified except upon a showing of good cause.'" Schenk v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008). Where a party seeks leave to amend its complaint after the deadline in the case management order has passed, a court is required to apply the good cause standard of Rule 16(b), not the more liberal standard of Rule 15(a). Under Rule 16(b), the party must show good cause in order to be granted leave to amend. Sherman v.Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008).

After giving this matter careful consideration, the Court concludes that plaintiff has established good cause to amend, primarily based on the change in appointed counsel and on the Court and counsel's failure to realize that plaintiff previously attempted to join Bell in this action while plaintiff was acting pro se.

Upon initial review of plaintiff's pro se complaint under 28 U.S.C. § 1915(e), which named eleven defendants, including CMS but not Bell, the Court stated that plaintiff had failed to allege how each defendant was personally and directly responsible for the alleged actions that injured him. Plaintiff was ordered to submit an amended complaint detailing how each named defendant was

3

personally and directly responsible for the acts that allegedly caused his injury. See Mem. and Order of Jan. 22, 2007 at 3, 4.

In response, plaintiff submitted an amended complaint which did not include a case caption. (Doc. 6). In the first sentence of the amended complaint, plaintiff stated that in March 2006 he was placed on a medical call-out for sick call and was seen by Nurse Bell, who told him he was too old for his wisdom teeth to be coming in and sent him back to his housing unit. Amended Complaint at 1. Plaintiff also alleged that Nurse Bell, among other named nurses, came to his housing unit to pass out medication and he tried to stop the nurses and tell them he needed to self-declare a medical emergency, but they told him to fill out a medical services request form and wait to be seen on sick call, which continued until mid-May 2006. Id. Plaintiff also alleged that Nurse Bell did not follow the institution's medical emergency policy and procedure. Id. at 2.

Upon review of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2), the Court determined plaintiff's allegations that "defendants Callet, Jaynes, Atters, Rebecca, Lizenbee, Dale, French, Blankinship, and Vinson denied him adequate medical care for his wisdom teeth in violation of the eighth amendment survive review under § 1915(e)(2)(B) and should not be dismissed at this time." Mem. and Order of May 30, 2007 at 2 (Doc. 10). The Court should have recognized that plaintiff was also asserting claims against Nurse Bell in the Amended Complaint, and Bell should have been added as a defendant at the time process was directed to issue. Plaintiff should not be penalized because of the Court's oversight, which was apparently not noticed by plaintiff's first appointed counsel.

In addition, although the deadline for joining parties and amending pleadings has passed, the deadline was established well before the appointment of plaintiff's current counsel. Plaintiff's current

4

counsel acted promptly in filing the fourth amended complaint, and acted with relative promptness in seeking leave to file a fifth amended complaint. There has been no trial date set in this case, which weighs in favor of granting leave to amend. Although the Court would prefer not to alter the existing deadlines, it will do so upon motion, if necessary. Under the circumstances of this case, the Court concludes that plaintiff has established good cause under Rule 16(b) to join an additional party and amend his complaint out of time, and plaintiff's motion should be granted.

Plaintiff's request that the Fifth Amended Complaint be deemed filed as of November 20, 2008 will be denied. Defendant Steele's motion for extension of time to respond to the Fifth Amendment Complaint will correspondingly be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Join an Additional Party and for Leave to File a Fifth Amended Complaint is **GRANTED**. [Doc. 89]

**IT IS FURTHER ORDERED** that plaintiff shall promptly file his Fifth Amended Complaint, without an exhibit sticker on it.

**IT IS FURTHER ORDERED** that plaintiff shall act promptly to effect service of summons and complaint upon defendant Bell.

**IT IS FURTHER ORDERED** that defendant Steele's Motion for Extension of Time is **DENIED as moot**. [Doc. 90]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of December, 2008.